UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH T REDZINSKI,

        Appellant,

v.

                                      Case No. 18-cv-1853-pp

TITANIA D WHITTEN,

        Appellee.

## ORDER DENYING APPEAL AND DISMISSING CASE

The appellant, representing himself, filed a Chapter 7 Voluntary Petition for bankruptcy on July 16, 2018. In re Redzinski, Case No. 18-26846-kmp at Dkt. No. 1. The appellant also filed an application asking the court to waive the Chapter 7 filing fee. Id. at Dkt. No. 6. The application stated that the appellant had no income and was not employed but was hoping to get a job. Id. at p. 1. The appellant reported owning a car, id. at 2, and having paid $75 to a bankruptcy petition preparer, id. at 3. On August 7, 2018, then-Chief Bankruptcy Judge Susan V. Kelley held a hearing on the appellant's application; at that hearing, the appellant told Judge Kelley that he would be starting a new job in a week. Id. at Dkt. No. 15. Judge Kelley denied the application to waive the filing fee but allowed the appellant to pay the fee in installments. Id. at Dkt. No. 16.

On August 20, 2018, the Chapter 7 trustee (Titania Whitten) filed a motion to dismiss the appellant's case. Id. at Dkt. No. 20. The motion indicated that the appellant had not appeared at the §341 meeting of creditors (which had been scheduled for August 14, 2018). Id. at 2. The appellant filed an objection, stating that prior to the meeting of creditors, he'd gotten a new job,

1

which made him unable to attend the meeting as scheduled. Id. at Dkt. No. 22. He said that he'd written the trustee, asking her to reschedule the meeting, "with no avail." Id. See also id. at Dkt. No. 23. Trustee Whitten continued the meeting of creditors to September 11, 2018 at 10:30 a.m., and the court ordered the appellant to appear for that continued meeting. Id. at Dkt. No. 24.

On September 11—the day of the adjourned meeting—the court received a letter from bankruptcy petition preparer Janine Jackson, complaining that the trustee had questioned the appellant about Ms. Jackson at the §341 meeting. Id. at Dkt. No. 26. Judge Kelley held a hearing on that motion on October 2, 2018. Dkt. No. 29. During that hearing, the appellant advised Judge Kelley that he had lost his job; Judge Kelley declined to waive the filing fee and encouraged the appellant to visit the court's *pro se* help desk. Id.

On October 29, 2018, the bankruptcy court received a letter from the appellant, asking Judge Kelley to extend the deadline for him to make the installment payments on the filing fee. Id. at Dkt. No. 30. He stated that he was still unemployed, but that he was working with a city vocational program to try to find work, "as well as place [him] in one, due to [his] disability." Id. He asked the court to reconsider its denial of his application to waive the fee, stating that he had not intended to provide Judge Kelley with false information in previous filings. Id.

Judge Kelley issued an order on October 31, 2018, denying the motion to reconsider her ruling on waiving the filing fee, but giving the appellant a deadline of November 30, 2018 by which to pay the filing fee in full. Id. at Dkt. No. 31. In a letter dated November 12, 2018, the appellant wrote to the Seventh Circuit Court of Appeals, indicating that he was appealing Judge Kelley's denial of his request to waive the filing fee. Id. at Dkt. No. 33. The appellate court

returned the document to the bankruptcy court for filing. Id. at 3. The bankruptcy court docketed the letter as a notice of appeal on November 26, 2018. Id. The bankruptcy court dismissed the appellant's case for failure to pay the filing fee on December 6, 2018, noting that the court had found the appellant's testimony at the October 2, 2108 hearing "not credible." Id. at Dkt. No. 34, page 1.

Judge Kelley also pointed out in her order that under Bankruptcy Rule 8002, a notice of appeal is due fourteen days after the order being appealed. Id. at page 2. She indicated that the appellant did not file his notice of appeal until November 26, 2018, and that the notice of appeal was not timely filed. Id. The appellant was appealing Judge Kelley's October 31, 2018 order, which meant he had to file the notice of appeal by November 14, 2018. Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court did not receive the notice of appeal by that date. Rule 8002(a)(4) says, however, that if a party mistakenly files a notice of appeal in the wrong court, the clerk of the wrong court "must state on the notice the date on which it was received and transmit it to the bankruptcy clerk," and that the appeal "is then considered filed in the bankruptcy court on the date so stated." The letter from the Seventh Circuit Court of Appeals was dated November 20, 2018. In re Redzinski, Case No. 18-26846-kmp at Dkt. No. 33, p. 3. According to Rule 8002(a)(4), the bankruptcy court should have docketed the notice of appeal on November 20, 2018. Even so, the appeal was not timely filed.

The fact that the appellant did not timely file his notice of appeal is reason enough for the court to dismiss the appeal. But the court also notes that under 28 U.S.C. §1930(F)(1), a court "*may*" waive the filing fee if the court determines that the debtor is eligible. The word "may" means that it is up to

3

the court's discretion whether to waive someone's filing fee. See, *e.g.*, In re Ali, Case No. 18-25548-gmh, 2018 WL 3323875, at *1 (Bankr. E.D. Wis. July 5, 2018). A debtor does not have a right to a waiver of the filing fee. It appears that Judge Kelley first denied the appellant's request for a waiver because he'd gotten a job. She denied his request to reconsider because she found that he wasn't truthful about his circumstances, or his interaction with the bankruptcy petition preparer, at the October 2, 2018 hearing. Judge Kelley was not required to waive the filing fee, and she appropriately exercised her discretion to decline to do so.

The court **AFFIRMS** the decision of the bankruptcy court.

The court **DENIES** the appeal and **DISMISSES** the case. Dkt. No. 1.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**